IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE FINANCIAL SEARCH GROUP, LTD. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 8-1203 |
| INTERNATIONAL FINANCIAL GROUP et. al, | ) ) ) | |
| Defendants. | ) | |

AMBROSE, District Judge

## OPINION
### and
## ORDER OF COURT

Plaintiff, the Financial Search Group, Ltd., filed a Motion for Contempt and Sanctions. See ECF Docket No. [18]. Simply stated, Plaintiff complained that the manner in which job openings with the Defendant IFG Project Resourcing, LLC were posted on various internet websites ran afoul of earlier settlement agreements between the parties. This Court promptly scheduled a hearing.

1

Despite receiving electronic notice of such hearing, Plaintiff failed to appear. The Court was able, ultimately, to track counsel for Plaintiff down by telephone and counsel participated in the hearing via conference call. Significantly, however, Plaintiff had no evidence supporting its contention that the Defendant bore any responsibility for the way in which job openings were posted on the websites referenced in the Motion for Contempt. Further, the Defendant proffered uncontradicted testimony that the websites were operated by independent third parties and secured information for job postings by "crawling" over the internet and "sweeping" job postings from other websites such as those of the Defendant. Moreover, there was no indication that the job openings, as actually posted by the Defendant, were objectionable in any manner.

As the hearing progressed, it became evident that, prior to filing the Motion for Contempt, the Plaintiff never contacted the Defendant to discuss the matter. Though the Plaintiff mistakenly believed that the Defendant controlled the third-party websites, the Plaintiff never granted the Defendant the common courtesy of resolving the matter without resorting to further litigation. Instead, the Plaintiff filed the Motion, then failed to

attend the scheduled hearing and, when the Court managed to track down counsel, had no evidence to support any of the assertions set forth in the Motion regarding the Defendant's responsibility for the manner in which the job openings were posted.

Further, I note that upon receipt of the Motion, the Defendant took the initiative to contact the third parties, to explain the nature of the litigation, and to request the third parties to alter the manner in which they posted the job openings. The third parties voluntarily complied. Again, Plaintiff could have achieved this same desired result without the expense of litigation had Plaintiff done any good faith investigation prior to filing its Motion.

Defendant has requested the award of reasonable attorney's fees associated with opposing the Motion for Contempt. See ECF Docket No. [20], p. 9. Given the Plaintiff's course of conduct as set forth above, I believe that an award is appropriate.

AND NOW, this 19th day of April, 2011, it is hereby ORDERED, that the Plaintiff shall pay to the Defendant an award of reasonable attorney's fees which Defendant incurred in opposing the Motion for Contempt filed at ECF Docket No. [18]. It is further

ORDERED that the Defendant shall file an Affidavit detailing the sum total of those fees, together with supporting documentation, no later than April 29, 2011. If Plaintiff objects to the reasonableness of such a request, objections shall be filed no later than May 6, 2011. Objections must be specific and detailed.

By the Court:
<u>Donetta W. Ambrose</u>
/s/ Donetta W. Ambrose
Senior U.S. District Judge