IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE FINANCIAL SEARCH GROUP, LTD. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 8-1203 |
| INTERNATIONAL FINANCIAL GROUP et. al, | ) ) ) | |
| Defendants. | ) | |

AMBROSE, District Judge

ORDER OF COURT

This Court has already found that the Defendant is entitled to an award of reasonable attorney's fees incurred in opposing a Motion for Contempt filed by Plaintiff. See ECF Docket No. [25]. The issue before me is the amount of that award. The Defendant requests a total of $6,138.00 of counsel fees together with a total of $35.35 in costs, and has filed Affidavits in support thereof. See ECF Docket No. [26]. The Plaintiff does not object to the hourly rates

charged by the attorneys ($360 per hour for Mark Willard and $210 for Audrey Kwak), but does object to "excessive" hours billed for particular matters, as well as to certain of the costs.

After careful consideration, I will award $4,347 in fees and $10.35 in costs. The deductions are explained as follows:

(1) $231.00 – Deduction for 1.1 hours of Audrey Kwak's time incurred on 2/16/11 and 2/23/11. With respect to the first entry, Ms. Kwak's time duplicates that of Mr. Willard. I decline to require the Plaintiff to pay for double billing. With respect to the second entry, nothing in the Defendant's Response to the Motion for Contempt references the doctrines relating to "law of the case," "res judicata" or "collateral estoppel."

(2) $720.00 – Deduction for 2 hours of Mark Willard's time spent in drafting the Response in Opposition to Motion for Contempt, as well as revising the same. A review of the Defendant's Affidavit indicates that Mr. Willard devoted approximately 5 hours to this task. See ECF Docket No. [20]. Yet, as the Plaintiff points out, a substantial portion of this document is identical to one prepared by the Defendant and filed one year earlier. See ECF Docket No. [14]. It appears that Mr. Willard inserted three introductory paragraphs, and then included several paragraphs devoted to responding to the then pending Motion. Significantly, those paragraphs did not include any citation to authority nor did they involve complex legal arguments. The Court is confident that allotting Mr. Willard 3 hours of time to prepare the opposition is more than adequate.

(3) $840.00 – Deduction for 4 hours of Audrey Kwak's time on 3/9/11 and 3/10/11 relating to research for the contempt proceedings and preparation for and attendance at the hearing as well as for a meeting with a client. As stated above, this Court will not award double billing on a matter which is not complicated and which does not merit more than one attorney. The hearing in question does not merit

double billing. Additionally, there is no indication that the research was used in any productive manner.[1]

(4) $25.00 – Deduction in costs associated with "electronic filing of document." The Court is unaware of what this charge could be related to. A call to the Clerk's Office for the United States District Court for the Western District of Pennsylvania confirmed that the Defendant would not have been charged a $25.00 fee for filing a Response in Opposition to the Motion for Contempt. The Defendant fails to provide any level of detail as to this cost. Accordingly, this Court will not impose the cost upon the Plaintiff.

AND NOW, this 13th day of May, 2011, after careful consideration, and for the reasons set forth above, the Defendant is awarded $4,347.00 in attorney's fees and $10.35 in costs.

> By the Court:
> Donetta W. Ambrose
> /s/ Donetta W. Ambrose
> Senior U.S. District Judge

---

[1] I decline, however, the Plaintiff's invitation to reduce Mark Willard's time spent in preparing for the hearing. Though, as Plaintiff notes, the hearing itself lasted only 7 minutes, neither Mr. Willard nor the Court could have known this in advance. The brevity of the hearing was due, in large part, to the Plaintiff's failure to attend and to the Plaintiff's recognition, in the face of the Defendant's unchallenged evidence, that its Motion was baseless. Accordingly, I will not reduce his billing in this regard.